UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-61685-Civ-COOKE/TORRES

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

vs.

DDBO CONSULTING, INC., DBBG
CONSULTING, INC., DEAN R.
BAKER, and BRET A. GROVE,

    Defendants.
_____/

**FINAL JUDGMENT OF PERMANENT INJUNCTION AND
OTHER RELIEF AS TO DEFENDANT DBBG CONSULTING, INC.**

THIS MATTER is before me upon Plaintiff, the Securities and Exchange Commission's, Motion for Entry of Final Judgments of Permanent Injunction and Other Relief (ECF No. 3). The Securities and Exchange Commission having filed a Complaint (ECF No. 1), and Defendant DBBG Consulting, Inc. ("DBBG Consulting") having entered a general appearance; consented to the Court's jurisdiction over it and over the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction except as otherwise provided herein in Section VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**SECTION 10(b) AND RULE 10b-5 OF THE SECURITIES EXCHANGE ACT OF 1934**

**IT IS ORDERED AND ADJUDGED** that DBBG Consulting and its agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by

using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

        (A)    any investment in or offering of securities;

        (B)    the registration status of such offering or of such securities;

        (C)    the prospects for success of any product or company;

        (D)    the use of investor funds; or

        (E)    the misappropriation of investor funds or investment proceeds.

## II.
## SECTION 17(a) OF THE SECURITIES ACT OF 1933

**IT IS FURTHER ORDERED AND ADJUDGED** that DBBG Consulting and its agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the

    statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser by, directly or indirectly,

 (i) creating a false appearance or otherwise deceiving any person, or

 (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

  (A) any investment in or offering of securities;

  (B) the registration status of such offering or of such securities;

  (C) the prospects for success of any product or company;

  (D) the use of investor funds; or

  (E) the misappropriation of investor funds or investment proceeds.

### III.
### SECTION 15(a) OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that DBBG Consulting and its agents, servants, employees, attorneys, representatives, and those persons in active concert or participation with them, and each of them, are hereby retrained and enjoined from violating, directly or indirectly, Section 15(a) of the Securities Exchange Act, 15 U.S.C. § 78o, by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered with the Commission.

### IV.
### SECTION 5(a) AND 5(c) OF THE SECURITIES ACT

**IT IS FURTHER ORDERED AND ADJUGED** that DBBG Consulting and its agents, servants, employees, attorneys, representatives and all persons in active concert or

3

participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

## V.
### PAYMENT OF DISGORGEMENT, PREJUDGMENT INTREST AND A CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that DBBG Consulting is liable for disgorgement of $244,970, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest of $11,223.44, and a civil penalty of $244,970 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act.  DBBG Consulting shall satisfy this obligation by paying $501,163.44 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

DBBG Consulting may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. DBBG Consulting may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; DBBG Consulting, Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

DBBG Consulting shall simultaneously transmit photocopies of evidence of payment and case identifying information to Robert K. Levenson or Kevin B. Hart, the Commission's counsel in this action, at 801 Brickell Avenue, Suite 1800, Miami, FL, 33131. By making this payment, DBBG Consulting relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to DBBG Consulting.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. DBBG Consulting shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

5

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, DBBG Consulting shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on DBBG Consulting's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part DBBG Consulting's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, DBBG Consulting shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against DBBG Consulting by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

DBBG Consulting shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that DBBG Consulting pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. DBBG Consulting shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that DBBG Consulting pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## VI.
### BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the complaint are true and admitted by DBBG Consulting, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by DBBG Consulting under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by DBBG Consulting of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VII.
## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.
## RULE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE and ORDERED** in chambers, at Miami, Florida, this 31st day of July 2014.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*